**UNITED STATES of America**

v.

**Norman HSU, Defendant.**

**No. 07 CR 1066 (VM).**

United States District Court,
S.D. New York.

Aug. 10, 2009.

Alexander J. Willscher, Katherine Anne Lemire, U.S. Attorney's Office, New York, NY, for United States of America.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant Norman Hsu ("Hsu") was convicted on May 27, 2008 by a jury after a trial before this Court on four counts of an indictment charging him with violations of the federal campaign finance fraud statutes, 2 U.S.C. §§ 441f and 437g(d)(1)(A). Hsu now moves pursuant to Rule 29 ("Rule 29") of the Federal Rules of Civil Procedure for a judgment of acquittal, or, alternatively, for a new trial pursuant to Fed. R. Cr. P. 33 ("Rule 33"). He also seeks release on bail pending sentencing, pursuant to 18 U.S.C. § 3143(a). The Government, by letter brief dated August 2, 2009, opposes Hsu's application. Upon review of Hsu's motion and the Government's opposition, the Court denies Hsu's application in its entirety.

### A.  JUDGEMENT OF ACQUITTAL

■ Pursuant to Rule 29(a), the Court is authorized to grant a motion for judgment of acquittal only upon a showing that "the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). Explaining this standard, the Second Circuit has instructed that "[t]he jury verdict must be upheld if '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Guadagna,* 183 F.3d 122, 130 (2d Cir.1999) (*quoting United States v. Resto,* 824 F.2d 210, 212 (2d Cir.1987)) (emphasis in original). In applying the sufficiency test, the Court must consider the evidence in its totality and in the light most favorable to the Government, resolving all reasonable inferences the jury might draw, as well as accepting all issues of credibility and weight of the evidence that the jury has decided, in favor of sustaining the verdict. *See id.* at 129–130; *see also United States v. Autuori,* 212 F.3d

105, 114 (2d Cir.2000); *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998).

▌ Under these standards, the Court finds the trial evidence in this case more than sufficient to uphold the jury's verdict. The jury heard from numerous witnesses who testified, under non-prosecution agreements with the Government, that solely at Hsu's request they made substantial contributions to the political campaigns of numerous elected officials, many of whom they had never heard of or had no other reason to financially support, and that they were contemporaneously or subsequently reimbursed by Hsu for the full amounts of their donations. These witnesses included Suzanne Rafaelli, Hsin-Ping Chang, Susan Chilman, Marina Paw, Winkle Paw, and Solange Sandy. Their testimony was supported by meticulous records containing their cancelled checks, bank statements, candidate lists provided to them by Hsu specifying the precise amounts of the contributions actually made, and other compelling documentation. This evidence could amply establish beyond a reasonable doubt for any rational juror the unlawful straw donor scheme for which Hsu was convicted. Hsu's insubstantial challenges of details in the testimony of some witnesses amount to nothing more than questioning their credibility, a matter solely within the province of the jury that cannot serve as valid ground to support a Rule 29 acquittal motion.

## B. *NEW TRIAL*

▌ The Court may grant a motion for a new trial under Rule 33 "if the interests of justice so require." Fed. R. Crim P. 33. The discretion that Rule 33 confers upon the Court may be exercised only in cases presenting "exceptional circumstances" which, viewed objectively, would result in "manifest injustice" if the jury verdict were left standing. *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir.2001); *see*

*also United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir.1992).

Considering the overwhelming direct evidence, both testimonial and documentary, demonstrating Hsu's campaign finance fraud scheme, the Court finds no reasonable basis to support a finding of any "manifest injustice" that would result from upholding the jury's verdict. As is the case with Hsu's Rule 29 motion, his application for a new trial is grounded essentially on charges that the testimony of particular witnesses was untruthful or unduly influenced by non-prosecution agreements. These challenges, too, raise questions that go to the credibility of the witnesses and that fall solely within the purview of the jury. Given the totality of the trial evidence, any rational jury could have found Hsu's guilt beyond a reasonable doubt. Hence, the Court finds no warrant for granting a new trial.

## C. *RELEASE ON BAIL*

The Court finds no basis to grant Hsu's application for release on bail pending sentencing. Such relief may be ordered only upon a showing by clear and convincing evidence that "the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a). Taking into account that when Hsu was arrested in this case he was a fugitive from criminal charges before a California state court, that he was returned to custody involuntarily under a warrant for his arrest, and that he faces lengthy sentences for the various crimes of which he has been convicted in this case, the Court is persuaded that Hsu poses a substantial risk of flight.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 57) of defendant Norman Hsu for an order granting a judgment of acquittal or a new trial, or for release on bail pending sentencing in this case, is DENIED.

**SO ORDERED.**